IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DERRICK KELLER,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-cv-365-JPG** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 06-cr-40014** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner Charles Derrick Keller's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Keller, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

### BACKGROUND

Pursuant to a Plea Agreement and Stipulation of Fact, Keller entered a plea of guilty to one count of being a felon in possession of a firearm. On January 26, 2007, this Court imposed a sentence of 180 months incarceration, five years supervised release, a special assessment of $100 and a fine of $100. Keller did not appeal, and he filed this action on May 12, 2009.

### STATUTE OF LIMITATIONS

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Keller was sentenced on January 26, 2007. He did not file notice of appeal, which had to be filed within ten days of entry of judgment. FED.R.APP.P. 4(b)(1). Therefore, for purposes of § 2255, Keller's conviction became final on February 9, 2007, when time for filing his appeal had expired, and his § 2255 motion should have been filed by February 9, 2008. Keller filed the instant motion on May 11, 2009. Thus, his judgment of conviction was final for more than two years prior to the filing of his motion under § 2255, and he filed this motion 15 months too late. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

## PLEA AGREEMENT

Even if the motion were not barred by the statute of limitations, the Court still could not rule on the merits of the motion. Keller entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Keller waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant

part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives the right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ III.2 (Doc. 28, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.

*Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Keller's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct. The maximum penalty for the charged offense is life imprisonment. 18 U.S.C. § 922(g)(1). Based upon the conduct to which Keller admitted and others attributed to him, his applicable range of imprisonment was 168 to 210 months; Keller was sentenced to 180 months. There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Keller nor sentenced him above the statutory maximum.

## CONCLUSION

This motion is barred by the statute of limitations, Keller also waived any right to bring this Section 2255. Accordingly, his motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: December 7, 2009.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**