IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DERRICK KELLER,**   )<br>)<br>     **Petitioner/Defendant,**   )<br>)<br>**vs.**   )<br>)<br>**UNITED STATES of AMERICA ,**   )<br>)<br>     **Respondent/Plaintiff.**   ) | **CIVIL NO. 09-cv-365-JPG**<br><br>**CRIMINAL NO. 06-cr-40014** |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

　　The Court denied Petitioner Keller's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  In denying the motion, the Court found that the motion was barred by the statute of limitations, and that Keller had waived his right to challenge his conviction or sentence in a direct appeal or in a collateral attack under Section 2255.  Now before the Court is Keller's application for certificate of appealability (Doc. 7), along with his notice of appeal.

　　Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Further, Section 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

　　In his motion, Keller argues that his § 2255 motion was not time-barred.  He states that on April 24, 2009, several of the convictions used to compute his criminal history were dismissed.  Thus, his petition was timely filed, within a year of that dismissal.  Keller is correct.

　　Keller also argues that the waiver provision in his plea agreement is not applicable to the

issues raised in his § 2255 motion, because he is challenging the reasonableness of his sentence in light of those dismissals. He argues that his criminal history category should be reduced, and he should be resentenced to a lower term.

The Court can imagine Keller's elation at receiving notice that the district attorney in Sequoyah County, Oklahoma, had moved for dismissal of several cases "pending" against him. He construes these dismissals as reversals, but that is incorrect. What Keller misunderstands is that these dismissals were "without prejudice", sought by the district attorney "in the best interest of justice" because "defendant is now serving a sentence in the Federal Penitentiary." (*See* Doc. 2 p. 13). Thus, these "dismissals" do not vacate, overturn, or otherwise invalidate those convictions,[1] and Keller is not entitled to resentencing.

The Court finds that Keller has not made "a substantial showing of the denial of a constitutional right."  Accordingly, the motion for issuance of a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**Dated: February 26, 2010.**

                                                  s/ J. Phil Gilbert
                                                  **U. S. District Judge**

---

[1] Reviewing the Presentence Report in Keller's federal criminal case, the Court notes that the time his federal charges were filed, Keller was serving concurrent probationary sentences on several of these cases, with probationary terms to expire in March and April 2010. Clearly it would not make sense for the state of Oklahoma to expend time and resources attempting to supervise Keller on probation through the end of those terms, as he will remain in federal custody long after those probationary terms expire.